**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL:  mwalker@swazlaw.com
SCOTT R. GOLDBERG, #015082
CODY J. JESS. #025066
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>DMCT, L.L.C., a Delaware limited liability company,<br><br>Debtor. | Case No. 2-10-bk-32577-RJH<br><br>CHAPTER 11<br><br>**DECLARATION OF SHARI WEISS IN SUPPORT OF MOTION TO SELL SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS** |

I, SHARI WEISS, hereby declare:

1. I am a resident of Maricopa County, and am over 21 years old.

2. I am a Certified Public Accountant licensed to practice in the State of Arizona.

3. Through the interests I own in another entity, I control about 70% of the outstanding shares of 21st Century Opportunity Inc. (the "**Buyer**"), the proposed Buyer of the assets and liabilities that are the subject of the Debtor's *Motion to Sell Substantially all of the Debtor's Assets and to Assume and Assign Certain Contracts and Related Liabilities* (the "**Motion**") [DE 25].

4. I do not have a direct or indirect ownership interest in the Debtor, and have never held any such interest.  I have never directly or indirectly been an officer or director of the Debtor.

5. Diana Thomas, through and entity known as X and Y Consulting Inc., owns about 60% of the outstanding equity interests in the Debtor.  Ms. Thomas only owns an indirect 5.97% in the Buyer.

6. I have read the Report of the Michael St. Patrick Baxter, the ombudsman appointed in this case. The Buyer intends to incorporate all of the ombudsman's recommendations into its business practices.  More specifically, the Buyer agrees to adopt the Debtor's business practices and

policies regarding maintenance and security of patient records. For this very reason, the Buyer decided to employ Ms. Thomas to maintain the Debtor's practices and policies to ensure that the Buyer complies with all applicable laws and regulations.

7. The terms and conditions of the Buyer's purchase of the Debtor's assets were negotiated at arms-length, in good faith, and without any coercion or collusion whatsoever.

8. Based upon my analysis of the Debtor's operations, it liabilities exceed the value of its assets. For example, the Buyer is assuming all of the Debtor's assets and liabilities under its fresh egg donor contracts. This results in the assumption of a net liability to the Buyer of $70,478. The Buyer attributes little or no value to the Debtor's frozen egg inventory because these frozen eggs cannot be sold to another company. The frozen eggs cannot be insured against genetic risks. The Debtor's frozen eggs can only be sold to potential recipients, and it may take several years for the Debtor to sell its inventory. This inventory consists of about 12 sales at about $12,000 per sale.

9. According to Schedule F of the Debtor's bankruptcy schedules, there are only seven undisputed unsecured claims in this case that are not held by insiders: (1) Bluegrass Fertility Clinic ($15,835.00); (2) Catalyst Computer Technologies ($5,557.00); (3) Clearview Management Consulting ($17,500); (4) Frederick Lemberg ($6,000.00); (5) Greenberg Traurig ($567.00); (6) Verizon Wireless ($714.00); and (7) Canon Financial Services ($422.00). Conditioned upon approval of the Motion, the Buyer has agreed to assume the obligations represented by claims (1) through (4) or purchase claims one (1) through four (4), and has agreed not to seek a distribution on account thereof if the claims are acquired. The Debtor's only other non-insider creditor is Marco Messina. The Debtor disputes the validity of Mr. Messina's claim. Nevertheless, the Buyer has agreed to assume or purchase Mr. Messina's claims against the Debtor so that Mr. Messina now will support the proposed sale to the Buyer. The agreement with Mr. Messina's is contingent upon his support of the Motion, and the entry of a final order approving the sale.

10. The Buyer would not complete the sale but for the Court's findings and conclusions under Bankruptcy Code §§ 363(m) and (n).

11.     The Buyer would not complete the sale if the Buyer could be subject to successor liability claims.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of December, 2010.

By _Shari Weiss_
Shari Weiss

Prepared by:

SCHIAN WALKER, P.L.C.

By _____
Scott R. Goldberg
Cody J. Jess
Attorneys for the Debtor

COPY of the foregoing
e-mailed this 1st day
of December, 2010, to:

Edward K. Bernatavicius, Esq.
United States Trustee
230 North First Avenue, #204
Phoenix, Arizona 85003-1706
edward.k.bernatavicius@usdoj.gov

Michael St. Patrick Baxter, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
Consumer Privacy Ombudsman
mbaxter@cov.com

Shane D. Buntrock, Esq.
Rowley Chapman Barney & Buntrock
63 East Main Street, #501
Mesa, Arizona 85201-7436
Attorneys for Marco Messina
buntrock@azlegal.com

_Julie Larsen_

147180.2

3